1  **O'HAGAN MEYER**
   DEREK S. SACHS, SB# 253990
2     E-Mail:  DSachs@ohaganmeyer.com
   1201 K Street, Suite 1960
3  Sacramento, California 95814
   Ph:  916.884.0751
4
   Attorneys for Defendants:
5  Acrisure, LLC; Acrisure of California, LLC

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  GRACE WOO, an individual,              Case No.

12            Plaintiff,                   **DEFENDANTS ACRISURE, LLC
                                           AND ACRISURE OF CALIFORNIA,
13        vs.                              LLC'S NOTICE OF REMOVAL OF
                                           CIVIL ACTION UNDER 28 U.S.C. §
14  ACRISURE, LLC, a Michigan limited      1441(b) DIVERSITY OF
    liability company, ACRISURE OF         CITIZENSHIP**
15  CALIFORNIA, LLC, a Michigan
    limited liability company; E&S
16  INSPECTIONS; a business entity,
    form, unknown, and DOES 1 through
17  10, inclusive,
                                           Action Filed:      August 12, 2024
18            Defendants.                   Trial Date:        None Set

19

20        **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

21  **THE CENTRAL DISTRICT OF CALIFORNIA:**

22        **PLEASE TAKE NOTICE** that Defendants Acrisure, LLC and Acrisure of

23  California, LLC dba E&S Inspections ("Defendants" or "Acrisure") by and through

24  their counsel, hereby remove the above-captioned action from the Los Angeles

25  County Superior Court of the State of California to the United States District Court

26  for the Central District of California under 28 U.S.C. §§ 1332, 1441, 1446, and

27  1453.  This Court has original subject matter jurisdiction over Plaintiff Grace Woo's

28  ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a), because complete diversity of

                                    1

1  citizenship exists between Plaintiff and Defendants (i.e., Plaintiff is a California

2  citizen, whereas Defendants Acrisure, LLC and Acrisure of California, LLC are

3  Michigan limited liability companies, and all underlying members of the LLCs are

4  citizens of a different state from Plaintiff), and the amount in controversy pertaining

5  to Plaintiff's claims exceeds $75,000.00, exclusive of costs and interests.

6  **COMPLAINT AND TIMELINESS OF REMOVAL**

7       1.     On August 12, 2024, Plaintiff Grace Woo ("Plaintiff"), by and through

8  her attorney, filed a civil action in the Superior Court of the State of California for

9  the County of Los Angeles, entitled: *Grace Woo, an individual v. Acrisure, LLC, a*

10  *Michigan limited liability company; Acrisure of California, LLC, a Michigan limited*

11  *liability company; E&S Inspections, a business entity, form unknown; and Does 1*

12  *through 10, inclusive*, Case No. 24STCV20370 (hereinafter "Complaint").

13  (Declaration of Derek S. Sachs ("*Sachs Decl.*") ¶ 2 Ex. A [Pl.'s Comp.].)  To the

14  knowledge of Defendants, no other defendants have been either named or served in

15  the instant action.  Defendants filed its Answer to Plaintiff's Complaint on

16  September 9, 2024. (*Sachs Decl.* ¶ 6, Ex. C.)

17       2.     On August 14, 2024, Plaintiff served Acrisure, LLC and Acrisure of

18  California, LLC's agent for service of process, CSC.  (*Sachs Decl.* ¶ 3, Ex. B.)  This

19  Notice is timely because it is filed within thirty days after Defendants were served

20  with a copy of the Complaint, as is required by 28 U.S.C. §1446(b).

21       3.     The Summons and Complaint comprise all copies of process,

22  pleadings, and orders served upon Defendants in the state court action and are being

23  filed with this notice as required by 28 U.S.C. §1446(a).

24  **DIVERSITY JURISDICTION EXISTS**

25       4.     The basis for removal is that this Court has original jurisdiction of this

26  action under 28 U.S.C. §1332 and is one which may be removed to this Court by

27  Defendants pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the

28  amount in controversy exceeds $75,000, exclusive of interests and costs, and is a

1 civil action between citizens of different states such that complete diversity exists.

2      5.    For purposes of diversity jurisdiction, the citizenship of a limited

3 liability company is determined by the citizenship of its members.  (See *Grupo*

4 *Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 586 n. 1 (2004) ["Although the

5 Court has never ruled on the issue, Courts of Appeals have held the citizenship of

6 each member of an LLC counts for diversity purposes."]; *Johnson v. Columbia*

7 *Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) [LLC is citizen of every

8 state of which its owners/members are citizens].)

9      6.    Plaintiff alleges Acrisure of California, LLC, "is, and at all times herein

10 mentioned was, and is a Michigan limited liability company, duly operating in the

11 State of California, and acted as one of Plaintiff's employers."

12      7.    Acrisure of California, LLC was at the time of this filing of this action,

13 and still is, a limited liability company formed under the laws of the State of

14 Michigan.  (Declaration of Christopher Manoly (*Manoly Decl.,* ¶ 3.)

15      8.    Acrisure of California, LLC was at the time of the filing of this action,

16 and still is, wholly owned by Acrisure, LLC, with Acrisure, LLC being the only

17 member of Acrisure of California, LLC.  Acrisure, LLC at the time of this filing,

18 and still is, a limited liability company formed under the laws of the State of

19 Michigan. (*Manoly Decl.*, ¶4.)

20      9.    Acrisure, LLC was at the time of the filing of this action, and still is,

21 wholly owned by Acrisure Intermediate, Inc. ("Acrisure Intermediate"), with

22 Acrisure Intermediate being the only member of Acrisure, LLC.  Acrisure

23 Intermediate at the time of this filing, and still is, incorporated under and by virtue

24 of the laws of the State of Delaware, and its principal office is in Grand Rapids,

25 Michigan.  Acrisure Intermediate's officers, including the Chief Executive Officer,

26 Chief Operating Officer, Chief Legal Officer, and Treasurer, direct, control, and

27 coordinate Acrisure Intermediate's activities from the States of Michigan and

28 Florida. (*Manoly Decl.*, ¶5.)

10.     Plaintiff is a citizen of California.  A natural person's state citizenship is determined by her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. at 857.  It is presumed that a natural person's residence is also her domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Ayala v. Cox Auto*, No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (*citing State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)).  Here, the complaint alleges that "Plaintiff Grace Woo is and at all relevant times in this Complaint was, an adult residing in San Bernardino County, California."  (Pl.'s Comp. ¶1.)  Plaintiff is therefore a citizen of California.

11.     Thus, complete diversity between the parties exists.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

12.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interest and costs.

13.     A defendant need only establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  In determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including compensatory damages, attorneys' fees, and statutory penalties. *See Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

14.     In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate

4

1   inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what

2   Defendant will actually owe if Plaintiff prevails.  See *Rippee v. Boston Market*

3   *Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what

4   you would owe. It's a question as to what is in controversy.").

5          15.    Plaintiff's Complaint asserts the following causes of action: (1)

6   Discrimination in Violation of FEHA, (2) Failure to Accommodate in Violation of

7   FEHA, (3) Failure to Engage in Interactive Process, (4) Retaliation in Violation of

8   FEHA, (5) Failure to Prevent/Remedy Discrimination and/or Retaliation in

9   Violation of FEHA, (6) Violation of CFRA Rights, (7) Retaliation in Violation of

10  CFRA, (8) Whistleblower Retaliation, and (9) Wrongful Discharge in Violation of

11  Public Policy.

12         16.    Defendant denies the validity and merits of Plaintiff's claims, the legal

13  theories upon which they are purportedly based, and the claims for monetary and

14  other relief that flow from them.  Nevertheless, for purposes of removal only, and

15  without conceding that Plaintiff is entitled to any damages or penalties, it is readily

16  apparent that Plaintiff's claims place into controversy an amount well in excess of

17  $75,000.

18         17.    Plaintiff's Complaint seeks compensatory damages including, but not

19  limited to, past and future lost wages and benefits, lost earning capacity, emotional

20  distress damages, reasonable attorneys' fees, award of interest on all unpaid amount

21  due and owing to Plaintiff,  prejudgment interest on all amount claimed at the

22  maximum legal rate, costs of suit herein incurred, exemplary and punitive damages

23  according to proof, and for another other and further relief that court consider

24  proper.  (*Id.*, ¶ Prayer for Relief)

25         18.    In determining whether the jurisdictional minimum is met, courts

26  consider all recoverable damages, including emotional distress damages, punitive

27  damages, and attorneys' fees.  *See Galt G/S v. JSS Scandinavia* 142 F.3d 1150,

28  1155-56 (9th Cir. 1998).  In fact, courts have held that such allegations alone are

1  sufficient to satisfy the amount in controversy requirement.  *See Egan v. Premier*

2  *Scales & Sys.* (W.D. Ky. 2002) 237 F.Supp.2d 774, 776 (where plaintiff sought

3  damages for embarrassment, humiliation, and willful, malicious, and outrageous

4  conduct, the court held that the defendant could "easily make the case that the

5  claims are more likely than not to reach the federal amount in controversy

6  requirement.").  This confirms that the amount in controversy exceeds the

7  jurisdictional minimum.

8        19.    Similar to compensatory damages, Plaintiff's claim for punitive

9  damages is part of the amount in controversy when determining diversity

10  jurisdiction.  *See Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945.

11  California juries have returned verdicts with substantial punitive damage awards in

12  employment discrimination actions.  *See Simmons v. PCR Tech.* 209 F.Supp.2d

13  1029, 1033 (ND. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the

14  potential for large punitive damage awards in employment discrimination cases");

15  *see also Aucina v. Amoco Oil Co.* 871 F. Supp. 332, 334 (SD. Iowa 1994)

16  ("[b]ecause the purpose of punitive damages is to capture the defendant's attention

17  and deter others from similar conduct, it is apparent that the plaintiff's claim for

18  punitive damages alone might exceed [the] jurisdictional amount").  This confirms

19  that the amount in controversy exceeds the jurisdictional minimum.

20        20.    Plaintiff's hourly rate was $38.47. (*Manoly Decl*., ¶7.)  Her average

21  weekly rate is $1,538.80 ($38.47 x 40).  Per Plaintiff's weekly rate, front pay is

22  estimated at $1,538.80 x 104 weeks (two years) = **$160,035.20** and back pay is

23  estimated at $1,538.80 x 47 (weeks elapsed since date of termination to present) =

24  **$72,323.60.**  Given all of this, there can be no doubt that the amount of controversy

25  in this case is significantly higher than $75,000.  Accordingly, Defendants have

26  established by a preponderance of the evidence that the amount in controversy

27  exceeds $75,000.

28  ///

1     **ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

2          21.     The Superior Court of California, County of Los Angeles, is located

3 within the territorial jurisdiction of the United States District Court for the Central

4 District of California. *See* 28 U.S.C. § 84(c)(2). Venue is proper in this Court

5 because it is the "district and division embracing the place where such action is

6 pending." 28 U.S.C. § 1441(a).

7          22.     Because Defendants are the only existing named defendants in this

8 action, no other party's consent to this removal is required.

9          23.     If any question arises as to the propriety of the removal of this action,

10 Defendants request the opportunity to brief any disputed issues and to present oral

11 argument in support of its position that this case is properly removable.

12          24.     Nothing in this Notice of Removal shall be interpreted as a waiver or

13 relinquishment of Defendants' right to assert any defense or affirmative matter

14 including, without limitation, the defenses of (1) lack of jurisdiction over a person;

15 (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of

16 process; (5) failure to state a claim; or (6) any other procedural or substantive

17 defense available under state or federal law.

18          25.     WHEREFORE, Defendants in conformance with the requirements set

19 forth in 28 U.S.C. §1446, have filed this Notice of Removal of this action from the

20 aforesaid Superior Court, in which it is now pending, to the District Court of the

21 United States, Central District of California, a copy of which will be served upon

22 Plaintiff.

23 DATED: September 12, 2024         **O'HAGAN MEYER**

24

25                       By:       */s/ Derek S. Sachs*

26                              Derek S. Sachs

27                              Attorneys for Defendant Acrisure, LLC and
                               Acrisure of California, LLC

28

DEFENDANTS ACRISURE, LLC AND ACRISURE OF CALIFORNIA, LLC'S NOTICE OF REMOVAL OF
CIVIL ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY OF CITIZENSHIP